UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KENNETH ALLEN SMITH,**

       **Plaintiff,**                **CIVIL ACTION NO. 13-cv-11738**

       v.                            **DISTRICT JUDGE VICTORIA A. ROBERTS**

**COMMISSIONER OF**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

       **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kenneth Allen Smith seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (Docket no. 11) and Defendant's Motion for Summary Judgment (Docket no. 12). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 2.) The undersigned has reviewed the pleadings, dispenses with a hearing, and issues this Report and Recommendation pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

### I.  RECOMMENDATION

This Court recommends that Plaintiff's Motion for Summary Judgment (Docket no. 11) be DENIED and that Defendant's Motion for Summary Judgment (Docket no. 12) be GRANTED.

## II.     PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits with a protective filing date of November 11, 2010, alleging disability beginning August 12, 2009, due to coronary artery disease, right knee degenerative joint disease, degenerative arthritis of the cervical spine, hypertension and hyperlipidemia, and gastroesophageal reflux disease.  (*See* TR 17, 19.)  The Social Security Administration denied Plaintiff's claim on January 27, 2011, and Plaintiff requested a *de novo* hearing, which was held on November 29, 2011, before Administrative Law Judge (ALJ) Craig R. Petersen, who subsequently found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy.  (TR 17, 24.)  The Appeals Council declined to review the ALJ's decision (TR 1-3), and Plaintiff commenced this action for judicial review.  The parties then filed cross motions for summary judgment, which are currently pending before the Court.

## III.    PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND THE VOCATIONAL EXPERT'S TESTIMONY

### A.      Plaintiff's Testimony and the Medical Evidence of Record

In his brief, Plaintiff sets forth a short procedural history of this matter and discusses the ALJ's basis for denying his benefits, but he does not directly discuss his testimony or medical record. (Docket no. 11 at 5.)  Fleeting references to Plaintiff's testimony and medical record are made when Plaintiff argues credibility. (Docket no. 11 at 10-12.) Defendant's account of Plaintiff's testimony and medical record is largely consistent with the ALJ's, but is more sharply focused on the evidence in support of Defendant's position.  The undersigned has conducted an independent review of the hearing transcript and Plaintiff's medical record, but for the reasons discussed *infra*, it is unnecessary to summarize them herein.  Therefore, Plaintiff's medical record and testimony as

2

set forth in the ALJ's decision (TR 21-23) and Plaintiff's brief (Docket no. 11 at 10-12) are adopted; the undersigned will incorporate comments and citations as necessary throughout this Report and Recommendation.

### B. Vocational Expert's Testimony

The ALJ asked the Vocational Expert (VE) whether a hypothetical person of the same age, education, and work experience as Plaintiff, "who can lift and carry up to 20 pounds occasionally, 10 pounds frequently, can push and pull up to 10 pounds occasionally, can stand and walk up to six hours out of an eight hour work day, can sit up to six hours out of an eight hour work day with normal breaks, can occasionally stair and ramp climb, but not ropes, ladders, or scaffolds, can occasionally stoop, kneel, crouch, and crawl," and who has no manipulative, environmental, or visual limitations or limitations regarding concentration, persistence, and pace, and no social deficits, could perform Plaintiff's past relevant work where there would "be no repetitive bending and twisting at the neck level, no written instructions, [and] no complex oral instructions. (TR 63-64.) The VE testified that such an individual could not perform any of Plaintiff's past relevant work but could perform work in the light, unskilled category, for example, as an assembler, inspector, or packer, for which there were 19,000, 5,800, and 9,200 jobs in the regional economy, respectively. (TR 64.)

The ALJ then asked the VE to consider whether there would be any work for a second hypothetical person, assuming all of the conditions of the first hypothetical, but limiting the work to simple, routine, and repetitive tasks involving simple work-related decisions with few, if any, workplace changes and occasional interaction with coworkers, supervision, and the public. (TR 64.) The VE testified that such an individual would be able to perform the same jobs as the first hypothetical person. (TR 64.) Next, the ALJ asked what the result would be if he added a sit/stand

3

option at will. (TR 65.) The VE responded that such a limitation would change the number of available positions to 4,500, 1,600, and 1,800, respectively. (TR 65.) Lastly, the ALJ asked the VE whether there would be any work for a fourth hypothetical person who, assuming all of the traits of the first three hypothetical persons, would also "be off task 25 percent or more of any work day, and miss three or more days per month, with ongoing physical and/or mental impairments." (TR 65.) The VE responded that there would be no jobs for such a person. (TR 65.)

## IV.     ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014, and that he had not engaged in substantial gainful activity since the alleged onset date of August 12, 2009. (TR 19.) The ALJ then found that Plaintiff suffered from the following severe impairments: "coronary artery disease status post stent placement, right knee degenerative joint disease, and degenerative arthritis of the cervical spine." (TR 19.) The ALJ also found, however, that Plaintiff's gastroesophageal reflux disease and history of hypertension and hyperlipidemia were non-severe and that his impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Subpart 404, Subpart P, Appendix 1. (TR 19-20.)

The ALJ then determined that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). The claimant is able to lift and carry 20 pounds occasionally and 10 pounds frequently. He is able to push and pull 20 pounds occasionally. The claimant is able to stand and walk for up 6 hours in an 8-hour workday. He is able to sit, with normal breaks, for 6 hours in an 8-hour workday. The claimant requires a sit/stand option at will. The claimant is able to climb ramps and stairs occasionally. He is unable to climb ladders, ropes, and scaffolds. The claimant is able to stoop, kneel, crouch, and crawl occasionally. He is unable to repetitively twist or bend at the neck level. The claimant's work must not involve written instructions or complex oral instructions. The claimant has no manipulative, environmental, or visual limitations. He is limited to simple, routine, and repetitive tasks. The claimant's work must involve no more than simple, work-related decisions with few, if any, work place changes. The claimant is limited to no more

than occasional interaction with coworkers, supervisors, and the public.

(TR 20.) Subsequently, in reliance on the VE's testimony, the ALJ found that Plaintiff could not perform any of his past relevant work but that he could perform a significant number of jobs in the national economy. (TR 23-24.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from August 12, 2009, through the date of the ALJ's decision. (TR 24.)

V.     **LAW AND ANALYSIS**

  A.     **Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial

evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).  Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g).  Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).  Plaintiff argues that this matter should be reversed or remanded under sentence four because "[t]he Commissioner erred as a matter of law in assessing [Plaintiff's] credibility and by failing to properly evaluate the medical records of evidence and, thereby, forming an inaccurate hypothetical that did not accurately portray [Plaintiff's] impairments."  (Docket no. 11 at 6.)

*1. Plaintiff's Hypothetical Question Argument*

To the extent Plaintiff argues that the ALJ erred in the formulation of the hypothetical questions presented to the VE, the ALJ is only required to incorporate in his hypothetical questions those limitations that he finds credible and supported by the record.  *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).  Here, the ALJ's hypothetical questions presented all of the limitations included in Plaintiff's RFC–that is, all of the limitations that the ALJ found credible.  The VE testified that there are jobs available for a person with these limitations.

7

Thus, the ALJ's hypothetical questions were not improper, and in substance, Plaintiff's motion asserts that the ALJ erred in determining Plaintiff's RFC when he failed to properly assess Plaintiff's credibility and evaluate the medical opinions.

Plaintiff's argument fails as his entire discussion of this matter is limited to several pages of legal standards and a few vague references to his testimony and medical records. (*See* docket no. 11.) Plaintiff does not discuss why he believes the ALJ erred, what medical records or opinions or evidence the ALJ failed to properly consider, or what additional impairments the ALJ allegedly failed to include in his hypothetical questions to the VE. As the Court addressed in a similar matter wherein Plaintiff's counsel filed a substantially similar brief on this issue, any additional analysis "is an exercise left to the reader; . . . Plaintiff's summary judgment brief lack[s] any survey, much less meaningful discussion, of the medical record, and Plaintiff likewise fail[s] to provide any factual basis for his challenge to the ALJ's [decision]." *Fielder v. Comm'r of Soc. Sec.*, No. 13-10325, 2014 WL 1207865, *1 (E.D. Mich. Mar. 24, 2014) (Rosen, J.). Thus, Plaintiff's Motion should be denied with regard to this issue.

### 2. Plaintiff's Credibility Argument

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *Id.* An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p. "It is not sufficient

8

to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *Id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 416.929(c)(2). The ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the claimant's pain, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain. *See* 20 C.F.R. § 416.929(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

Plaintiff asserts that the ALJ erred when he found that Plaintiff was not credible because "[h]is testimony is backed up in the medical record." (Docket no. 11 at 11.) To support this argument, Plaintiff follows with vague references to his medical record:

> His impairment is clearly indicated in a record from the VA dated 9/8/2009 which indicated a diagnoses of "coronary artery disease" and that he has had a "left heart catherterization, arterography, angioplasty, intracoronary stent." (Tr. 274) Also a record at (Tr. 310) also indicated that he was having "exertional chest pain" and that a "stress test which showed large size, severe reversible proximal inferior wall defect" and an "EF 48%." (Tr. 310) He also reported that "he describes angina that often radiates to his L arm" and that "this pain occur w/ exertion through is not predictable and has woke him up from sleep twice in the past." (Tr. 315) Additionally, he had a "left heart catheterization, LV Angiography, Coronary

9

> Angiography" which is evidenced in (Tr. 364)
>
> Also in a record b y the VA it indicated that he has "recurrent left neck lymph node, gets bigger and smaller without intervention" and that a neck CT indicated "multiple lymph nodes noted…" (Tr. 285) See also (Tr. 334).
>
> In the record dated 12/6/2010 it indicates that he has "significant pain in the R knee…" and "notes that he was having difficulty with stair negotiations," "some days he has difficulty holding his head up or turning it," "neck will start to hurt after 1-1.5 hrs," "neck pin will wake him up at times," and that "when he tries to look up he gets a sharp pain in his neck." (Tr. 489)

*(Id.* at 11-12.) Like Plaintiff's hypothetical question argument, *supra*, Plaintiff's credibility argument is devoid of factual detail and legal analysis. Even assuming, *arguendo,* that Plaintiff's medical records are consistent with his complaints, these consistencies are not sufficient to overturn the ALJ's credibility determination, as the evidence also supports the ALJ's findings. In addition to considering Plaintiff's medical records, the ALJ considered the factors set forth in 20 C.F.R. § 416.929(c)(3) and found that Plaintiff's disability allegations were less than credible for the following reasons:

> First, the claimant has alleged that he has been unable to work since August 12, 2009. However, he has received unemployment insurance benefits during the 3rd and 4th quarters of 2009, during all of 2010, and during the 1st quarter of 2011 (2D). The claimant applied for state unemployment benefits after the alleged onset date in this case. In order to qualify for such benefits, applicants typically must affirm that they are capable of working. Thus, the claimant apparently claimed an ability to work during the same period of time, which brings into question the reliability of the claimant's allegations generally.
>
> In addition, the claimant testified to being able to perform activities that are inconsistent with his allegations of disability. The claimant testified that he has gone deer hunting during 2010 and 2011. In addition, he testified that he goes fishing during the summer, and sometimes he has to travel to go fishing. The claimant lives alone, and he is able to care for his own residence (Cl. Testimony). He is able to perform his own activities of personal care. He is able to prepare his own meals, clean his residence, go shopping, handle his bills, and his personal finances. He is able to mow his lawn. He is able to use a computer and he testified that he plays a computer game for approximately one hour a day. The claimant's self-reported level of activity is inconsistent with his allegations of disability. Moreover, the medical

evidence of record does not show the existence of any disabling impairments.

(TR 22.) There is substantial evidence in support of the ALJ's decision. And where the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella*, 708 F.2d at 1059, and even if substantial evidence also supports the opposite conclusion. *See Her,* 203 F.3d at 389-90.

### 3. Waiver and Sanctions

The undersigned has carefully examined Plaintiff's counsel's submission and finds it thoroughly deficient and devoid of proper factual substance and legal analysis. Plaintiff's counsel's superficial, cut-and-paste, template approach to fulfilling his professional duty to substantively brief the issues presented for this Court's most serious consideration and determination fails to comply with all accepted rules of civil pleading and practice in this District. The Court acknowledges that counsel may reduce costs and improve efficiency by using and inserting previously generated work product, such as any relevant applicable legal standards and specific rules. But Plaintiff's counsel's repeated failure to set forth factually specific, discernable, sound legal analyses in his briefing to this Court compels the waiver of any such arguments. *See Kennedy v. Comm'r of Soc. Sec.*, 87 Fed.Appx. 464, 466 (6th Cir. 2003) ("[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996)). The "'court is under no obligation to scour the record for errors not identified by [the] claimant.'" *Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, *14 (E.D. Mich. Jan 25, 2013) (Grand, M.J.) (quoting *Martinez v. Comm'r of Soc. Sec*., No. 09-13700 (E.D. Mich. Mar. 2, 2011)). Therefore, Plaintiff's Motion should be denied.

As Chief Judge Rosen noted in *Fielder*, this is not the first time the Court has denied a motion filed by Plaintiff's counsel for "reliance on conclusory assertions and absence of developed

11

argument;" indeed, "nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel."  2014 WL 1207865, at *1 n.1 (collecting cases). Moreover, the Court warned Plaintiff's counsel that "this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case" and that failure to do so may result in either sanctions or referral for disciplinary proceedings.  *Id.*  Nevertheless, any consideration of an award of sanctions against Plaintiff's counsel in this case would be inappropriate as the instant Motion was filed prior to Chief Judge Rosen's decision in *Fielder*.

## VI.   CONCLUSION

For the reasons stated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment (Docket no. 11) be DENIED and that Defendant's Motion for Summary Judgment (Docket no. 12) be GRANTED.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to

Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

      Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: June 23, 2014              s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 23, 2014              s/ Lisa C. Bartlett
                                      Case Manager